IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK BARTOL, | : | CIVIL ACTION |
| | : | NO. 17-0614 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER ADAM BARROWCLOUGH, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                      May 3, 2017

Plaintiff Patrick Bartol ("Plaintiff") filed a complaint under 42 U.S.C. § 1983 and various state laws, bringing thirteen different causes of action against multiple defendants, including three individual police officers, the police chief of Tinicum Township, the Tinicum Township Police Department and its individual members, the Tinicum Township Board of Commissioners and its individual members, and Tinicum Township itself (collectively, "Defendants"). Defendants filed a partial motion to dismiss and strike certain portions of the complaint, and Plaintiff responded in opposition. For the reasons that follow, the Court will grant the motion, dismiss the complaint in its entirety without prejudice, and grant Plaintiff leave to file an amended complaint.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant Officers Adam Barrowclough, Shawn Ryan, and Andrew O'Neill (collectively, "Defendant Officers") are individual police officers employed by Tinicum Township in Delaware County, Pennsylvania. Compl. ¶¶ 5-7, ECF No. 1. Defendant Stephen Edmiston ("Chief Edmiston") is the Police Chief of Tinicum Township. Id. ¶ 8. Defendant Tinicum Township ("the Township") is a Township of the First Class in the Commonwealth of Pennsylvania. Id. ¶¶ 10-11. Defendant Board of Township Commissioners of Tinicum Township ("the Board") comprises Defendants Tom Giancristoforo, Jr., Dennis R. Arthur, Patrick K. McCarthy, Lisa Edmiston and Pat Barr, all of whom are individual members of the Board (collectively, "Individual Board Defendants"). Id. ¶¶ 9, 11. Defendants "John/Jane Doe #1-X" are individual members of the police department in Tinicum Township. Id. ¶ 12.

On February 26, 2015, Plaintiff checked in to the Red Roof Inn in Essington, Pennsylvania, near the Philadelphia Airport, intending to depart on a morning flight to Florida. Id. ¶ 13. Shortly after midnight on February 27, 2015, the Defendant Officers arrived at Plaintiff's room. Id. ¶ 15. Plaintiff's motel room was dark and quiet at that time, and Plaintiff was in bed. Id. ¶ 16. After the Defendant Officers knocked on the door, Plaintiff opened it, identified himself to the Defendant

2

Officers, and informed them that everything was fine.[1] Id. ¶ 17. Officer Barrowclough requested to enter the room, but Plaintiff verbally denied entry, telling the Defendant Officers that he was fine and he wanted to go back to bed. Id. ¶ 18. The Defendant Officers refused to leave, and Officer Barrowclough stood in the threshold of the doorway, preventing Plaintiff from closing his motel room door. Id. ¶ 19. Plaintiff advised the Defendant Officers that they needed a search warrant to enter his room; nevertheless, the Defendant Officers, led by Officer Barrowclough, forcibly pushed their way into the room. Id. ¶ 20.

Plaintiff alleges that Officer Barrowclough then threw him against the wall and struck him with a fist "at least two times" before throwing him to the ground and continuing to strike him. Id. ¶¶ 21-22. Plaintiff further alleges that Officer Barrowclough instructed Officer Ryan to tase Plaintiff, and that Officer Ryan complied. Id. ¶ 23. Plaintiff asserts that all of the Defendant Officers knew at the time they entered Plaintiff's room that he had not committed any crime, and also that Plaintiff "had the Constitutional right to deny their entry."

---

[1] Neither party fully explains in its papers why the Defendant Officers knocked on the door of Plaintiff's motel room; the parties suggest only that the officers were there to "check on [Plaintiff's] well-being." Mot. Dismiss at 2; see also Compl. ¶ 15 ("Barrowclough, Ryan, and O'Neill arrived at Plaintiff's motel room, pretextually to check on the well-being of Plaintiff.").

3

Id. ¶ 24. Plaintiff states that at no point during the alleged assault did he "strike or threaten any officer in any way." Id. ¶ 25.

Plaintiff claims that Officer Barrowclough has acknowledged that Plaintiff had committed no criminal offense and was not under arrest when the officers forced their way into his room. Id. ¶ 26. Finally, Plaintiff complains that Officers Ryan and O'Neill failed to intervene to stop Officer Barrowclough's assault on Plaintiff, and, similarly, that Officers Barrowclough and O'Neill failed to intervene to stop Officer Ryan's unwarranted taser assault on Plaintiff. Id. ¶ 27.

Based on the foregoing facts, Plaintiff brings the following thirteen causes of action:

| COUNT | AUTHORITY | CAUSE | DEFENDANTS |
|---|---|---|---|
| I | 42 U.S.C. § 1983 | Unlawful Seizure | Individual defendants |
| II | 42 U.S.C. § 1983 | Excessive Force and Physical Brutality | Individual defendants |
| III | 42 U.S.C. § 1983 | False Imprisonment | Individual defendants |
| IV | 42 U.S.C. § 1983 | Malicious Prosecution | Barrowclough, Ryan, O'Neill |
| V | 42 U.S.C. § 1983 | 14th Amendment Due Process Violation | Individual defendants |
| VI | State law | Malicious Prosecution | Barrowclough, Ryan, O'Neill |
| VII | 42 U.S.C. § 1983 | Supervisory/Policymaker Liability | Board of Commissioners; Edmiston and Does |
| VIII | 42 U.S.C. § 1983 | Failure to Intervene (Non-supervisory) | Individual defendants |
| IX | 42 U.S.C. § 1983 | Civil Conspiracy | Individual defendants |

| X | 42 U.S.C. § 1983 | Municipal Liability | Tinicum Township; Board of Commissioners |
| XI | State constitution | State Constitutional Violations | Individual defendants |
| XII | State law | Assault and Battery | Barrowclough, Ryan, O'Neill |
| XIII | State law | Civil Conspiracy | Barrowclough, Ryan, O'Neill, Tinicum Township, Does |

See id. ¶¶ 61-180. Plaintiff demands a jury trial and requests compensatory and punitive damages against Defendants, jointly and severally, in an amount exceeding $150,000.00, exclusive of interests and costs. See id. at 52-53. Plaintiff also requests reasonable attorney's fees and costs, and he seeks an order enjoining Defendants from engaging in future conduct like that described in the complaint. See id. at 53-54.

Plaintiff filed his complaint on February 8, 2017. ECF No. 1. On March 15, 2017, Defendants collectively filed a partial motion to dismiss.[2] ECF No. 10. On March 29, 2017, Plaintiff filed a response in opposition to the partial motion to dismiss. ECF No. 13. The Court held a hearing on Defendants'

---

[2] On March 13, 2017, Defendants, all of whom are represented by the same counsel, collectively sent the Court a letter requesting an extension of time in which to file a response to the complaint. The Court granted that request by order on the same day. ECF No. 9.

partial motion to dismiss on April 11, 2017. See ECF Nos. 11, 12, 16.

**II. DISCUSSION**

Defendants have moved, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), to dismiss Counts III, V, VII, IX, X, XI, and XIII of Plaintiff's Complaint. Additionally, Defendants have moved to dismiss all "official capacity" claims in Plaintiff's complaint.

Before undertaking any analysis of Plaintiff's claims under Rule 12(b)(6) or 12(f), the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate this rule "are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Third Circuit has criticized "the all too common shotgun pleading approach" to complaints. Hynson v. City of Chester Legal Dep't, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); see also Wright v. City of Phila., No. 01-6160, 2005 WL 3091883, at *11 (E.D. Pa. Nov. 17, 2005) (citing Hynson for the

6

proposition that "[t]he Third Circuit . . . has a policy against Plaintiffs using a 'shotgun pleading approach' . . . and requires civil rights cases [to] be plead[ed] with considerable specificity."). It has explained that requiring a plaintiff to plead facts with specificity "ha[s] a twofold purpose: 1) to weed out at an early stage frivolous claims and those that should be heard in state court, and 2) to provide the defendant with sufficient notice of the claims asserted." Hynson, 864 F.2d at 1031 n.13.

The United States Court of Appeals for the Eleventh Circuit has articulated the bulk of existing law in this area.[3] The Eleventh Circuit recently categorized shotgun pleadings into four different types: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any

---

[3] As a result, district courts within the Third Circuit often cite to the Eleventh Circuit for this law. See, e.g., Lapella v. City of Atlantic City, No. 10-2454, 2012 WL 2952411, at *5 n.3 (D.N.J. July 18, 2012) (criticizing the plaintiff's shotgun pleadings and citing as legal support Anderson v. Dist. Bd. of Trs., 77 F.3d 364 (11th Cir. 1996); Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955 (11th Cir. 2008); and Sikes v. Teleline, Inc., 281 F.3d 1350, 1356 n.9 (11th Cir. 2002)); Litwak v. Tomko, No. 16-0446, 2017 WL 168053, at *4 (M.D. Pa. Jan. 17, 2017) (ordering the plaintiff to "replead with more specificity" and citing as legal support Anderson, 77 F.3d at 367 n.5, and Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014)).

7

particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23. The "unifying characteristic" of these four types of shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

In describing the "relatively rare" fourth type of shotgun pleading, the Eleventh Circuit cited two of its earlier decisions as illustrative examples. See id. at 1323 n.14. In Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001), the court found that a complaint that was fifty-eight pages long, named fourteen defendants, and charged all defendants in each count was "a quintessential 'shotgun' pleading" because it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." Id. at 1284. Similarly, in Ebrahimi v. City of Huntsville Bd. of Educ., 114

8

F.3d 162, 164 (11th Cir. 1997), the court described as a "prototypical 'shotgun complaint'" one that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants." Id.

Here, Plaintiff's complaint, which is fifty-four pages long, brings thirteen different counts against any combination of well over seven distinct defendants.[4] Most of these defendants were not present during the events at issue in this case, and it is likely that many have never had any interaction with Plaintiff at all. For example, aside from Police Officers Barrowclough, Ryan, and O'Neill, the defendant individual members of the Tinicum Township Police Department largely can be presumed, based on "geographic and temporal realities," to have no knowledge or involvement in Plaintiff's case. See Magluta, 256 F.3d at 1284. The same is true for the individual members of the Tinicum Township Board of Commissioners.

Furthermore, although Plaintiff does not bring every cause of action against every Defendant, it is far from clear against which Defendants many of the claims are brought. This

---

[4] It is impossible to tell exactly how many Defendants there are in this case, given that Plaintiff does not identify how many individual police officers he means to sue. See Compl. ¶ 12 (naming "John/Jane Doe #1-X").

9

problem is worsened by Plaintiff's failure to define who he means by "individual Defendants," against whom he brings Counts I, II, III, V, VIII, IX, and XI.[5] It is also worsened by the fact that each of the multiple counts "adopts the allegations of all preceding counts," Weiland, 792 F.3d at 1321, thereby leading to a situation in which most of the counts contain irrelevant factual allegations and legal conclusions. See Compl. ¶¶ 71, 87, 97, 104, 112, 115, 134, 145, 161 ("The preceding paragraphs are incorporated herein by reference as though fully set forth.").

In light of the foregoing, the Court concludes that Plaintiff's complaint "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Not only is it unclear which of the thirteen causes of action in Plaintiff's

---

[5] Not unreasonably, Defendants interpreted "individual Defendants" to include not only individual police officers and Chief Edmiston, but also "the members of the Board of Commissioners." Mot. Dismiss Mem. at 2, ECF No. 10-1. At the hearing on Defendants' motion to dismiss, Plaintiff's counsel clarified that he intended "individual Defendants" to cover Police Officers Barrowclough, Ryan, and O'Neill, along with Chief Edmiston. See Mot. Dimiss Hr'g Tr. 3:13-4:2. This is problematic because it suggests that, even though Plaintiff does not allege that Chief Edmiston was present at Plaintiff's motel room on the night in question, Plaintiff nevertheless brings several claims against Chief Edmiston for acts that allegedly happened in that room on that night, including unlawful seizure, excessive force, and false imprisonment.

10

fifty-four-page complaint pertain to which Defendants, but it is also unclear whether certain claims are brought against certain Defendants in their individual or official capacities.[6] Accordingly, the Court finds that Plaintiff's complaint is a "shotgun pleading" that fails to comply with Rule 8(a)(2).

**III. CONCLUSION**

For the foregoing reasons, the Court will dismiss the complaint without prejudice and grant Plaintiff leave to file an amended complaint. An appropriate order follows.

---

[6] This particular failing makes it difficult to determine whether any of the Defendants are entitled to qualified immunity. Although Defendants move to dismiss "all 'official capacity' claims against the individual . . . [D]efendants," Mot. Dismiss at 5, Defendants do not specify which of Plaintiff's claims constitute the "official capacity" claims they seek to dismiss--presumably because Defendants cannot actually discern which claims these are.